Bret A. Stone      SBN 190161  BStone@PaladinLaw.com
Kirk M. Tracy      SBN 288508  KTracy@PaladinLaw.com
PALADIN LAW GROUP® LLP
1176 Boulevard Way
Walnut Creek, CA  94595
Telephone:     (925) 947-5700
Facsimile:     (925) 935-8488

Counsel for Estate of Robert Renzel, Deceased, by and through his
successors in interest, Susan Carter and Ann Renzel Sebastian;
Robert E. Renzel Trust, by and through its trustees, Susan Carter
and Ann Renzel Sebastian; Susan Carter; Ann Renzel Sebastian;
and Bascom Avenue Development LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ROBERT RENZEL, DECEASED, by and through his successors in interest, Susan Carter and Ann Renzel Sebastian; ROBERT E. RENZEL TRUST, by and through its trustees, Susan Carter and Ann Renzel Sebastian; SUSAN CARTER; ANN RENZEL SEBASTIAN; and BASCOM AVENUE DEVELOPMENT LLC, a California limited liability company, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> LUPE VENTURA, an individual and dba Ritz Cleaners; CELIA VENTURA, an individual and dba Ritz Cleaners; ALFREDO TORRES, an individual and dba Ritz Cleaners; CARMEN TORRES, an individual and dba Ritz Cleaners; HYANG BAE WHANG, an individual and dba Ritz Cleaners; SEON GEUN WHANG, an individual and dba Ritz Cleaners; KYU CHUK WHANG, an individual and dba Ritz Cleaners; KWANG KUK PARK, an individual and dba Ritz Cleaners; SOON JA PARK, an individual and dba Ritz Cleaners; CHONG K. BYUN, an individual and dba Ritz Cleaners; UKTAE HAN, an individual and dba Ritz Cleaners; MIJA HAN, an individual and dba Ritz Cleaners; THU HUYNH, an individual and dba Ritz Cleaners; NOC T.B. TRAN, an individual and dba Ritz Cleaners; LIEN T. NGUYEN, | Case No.  5:15-cv-1648 <br><br> COMPLAINT FOR: <br><br> 1.    Cost Recovery under CERCLA § 107(a) |



1    an individual and dba Ritz Cleaners; THIEN
     D. NGUYEN, an individual and dba Ritz
2    Cleaners; KIET TRAN, an individual and
     dba Ritz Cleaners; GARY TRAN, an
3    individual and dba Ritz Cleaners,

4                *Defendants*.

5

6          Plaintiffs Estate of Robert Renzel, Deceased, by and through his successors in interest,

7    Susan Carter and Ann Renzel Sebastian; Robert E. Renzel Trust, by and through its trustees,

8    Susan Carter and Ann Renzel Sebastian; Susan Carter; Ann Renzel Sebastian; and Bascom

9    Avenue Development LLC, a California limited liability company (collectively, "Plaintiffs")

10   bring this action against Defendants Lupe Ventura, an individual and dba Ritz Cleaners; Celia

11   Ventura, an individual and dba Ritz Cleaners; Alfredo Torres, an individual and dba Ritz

12   Cleaners; Carmen Torres, an individual and dba Ritz Cleaners; Hyang Bae Whang, an individual

13   and dba Ritz Cleaners; Seon Geun Whang, an individual and dba Ritz Cleaners; Kyu Chuk

14   Whang, an individual and dba Ritz Cleaners; Kwang Kuk Park, an individual and dba Ritz

15   Cleaners; Soon Ja Park, an individual and dba Ritz Cleaners; Chong K. Byun, an individual and

16   dba Ritz Cleaners; Uktae Han, an individual and dba Ritz Cleaners; Mija Han, an individual and

17   dba Ritz Cleaners; Thu Huynh, an individual and dba Ritz Cleaners; Noc T.B. Tran, an individual

18   and dba Ritz Cleaners; Lien T. Nguyen, an individual and dba Ritz Cleaners; Thien D. Nguyen,

19   an individual and dba Ritz Cleaners; Kiet Tran, an individual and dba Ritz Cleaners; Gary Tran,

20   an individual and dba Ritz Cleaners (collectively, "Defendants") allege upon knowledge as to

21   their own acts, and upon information and belief as to the acts of all others, as follows:

22                                **NATURE OF THE ACTION**

23          1.      Plaintiffs file this third party action in defense of claims against them in order to

24   avoid or minimize their alleged liability associated with responding to environmental

25   contamination.

26          2.      The area of contamination for which Plaintiffs seek relief includes the property

27   located at 526 S. Bascom Avenue, San Jose, California (the "Property") and areas to which the

28   contamination has migrated outside the boundaries of the Property (the "Site").



**PARTIES**

*Plaintiffs*

3.      Robert Renzel was the owner of the Property while he was alive.

4.      The Robert E. Renzel Trust is a prior owner of the Property.

5.      Susan Carter is a prior owner of the Property.

6.      Ann Renzel Sebastian is a prior owner of the Property.

7.      Bascom Avenue Development LLC, a California limited liability company, is the current owner of the Property.

*Defendants*

8.      Ritz Cleaners operated a dry cleaning business at the Property beginning in the 1940s.  A complete history of the individuals who operated the business is currently unknown and it is anticipated that an amendment to this Complaint will be necessary.

9.      Lupe Ventura is an individual who operated a dry cleaning business at the Property known as Ritz Cleaners from at least 1978 to approximately 1980.

10.     Celia Ventura is an individual who operated a dry cleaning business at the Property known as Ritz Cleaners from at least 1978 to approximately 1980.

11.     Alfredo Torres is an individual who operated a dry cleaning business at the Property known as Ritz Cleaners from approximately 1980 to 1986.

12.     Carmen Torres is an individual who operated a dry cleaning business at the Property known as Ritz Cleaners from approximately 1980 to 1986.

13.     Hyang Bae Whang is an individual who operated a dry cleaning business at the Property known as Ritz Cleaners from approximately 1986 to 1988.

14.     Seon Geun Whang is an individual who operated a dry cleaning business at the Property known as Ritz Cleaners from approximately 1986 to 1988.

15.     Kyu Chuk Whang is an individual who operated a dry cleaning business at the Property known as Ritz Cleaners from approximately 1986 to 1988.

16.     Kwang Kuk Park is an individual who operated a dry cleaning business at the Property known as Ritz Cleaners in 1988.



17.     Soon Ja Park is an individual who operated a dry cleaning business at the Property known as Ritz Cleaners in to 1988.

18.     Chong K. Byun is an individual who operated a dry cleaning business at the Property known as Ritz Cleaners from approximately 1988 to 1992.

19.     Uktae Han is an individual who operated a dry cleaning business at the Property known as Ritz Cleaners from approximately 1992 to 1995.

20.     Mija Han is an individual who operated a dry cleaning business at the Property known as Ritz Cleaners from approximately 1992 to 1995.

21.     Thu Huynh is an individual who operated a dry cleaning business at the Property known as Ritz Cleaners from approximately 1995 to 2000.

22.     Noc T.B. Tran is an individual who operated a dry cleaning business at the Property known as Ritz Cleaners from approximately 1995 to 2000.

23.     Lien T. Nguyen is an individual who operated a dry cleaning business at the Property known as Ritz Cleaners from approximately 1996 to 2006.

24.     Thien D. Nguyen is an individual who operated a dry cleaning business at the Property known as Ritz Cleaners from approximately 1996 to 2006.

25.     Kiet Tran is an individual who operated a dry cleaning business at the Property known as Ritz Cleaners from approximately 1996 to 2006.

26.     Gary Tran is an individual who operated a dry cleaning business at the Property known as Ritz Cleaners from approximately 2010 to 2012.

**JURISDICTION, VENUE, AND NOTICE**

27.     This Court has jurisdiction over the subject matter of Plaintiffs' First Cause of Action pursuant to section 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607.

28.     Venue is proper in this Court pursuant to Section CERCLA § 113(b) because the release and damage occurred in this district.  42 U.S.C. § 9613(b).

29.     Plaintiffs have satisfied all jurisdictional prerequisites to filing this Complaint.

/ / /



-4-
COMPLAINT

**GENERAL ALLEGATIONS**

30.     The Site has allegedly been impacted by the presence of tetrachloroethylene ("PCE") and other solid and hazardous wastes.

31.     PCE is an industrial solvent that has been used in significant quantities in the dry cleaning industry since the 1940s.

32.     PCE and its breakdown products are manmade chemicals and are not naturally occurring.

33.     Common synonyms for PCE include perc, perchlor, carbon bichloride, carbon dichloride, ethylene tetrachloride, petrochlorothylene, perclene, perk, perchloroethene , 1,1,2,2-tetrachloroethylene, and tetrachloroethene.

34.     PCE degrades to TCE, which in turn degrades to DCE, which in turn degrades to vinyl chloride, which in turn degrades to ethene, and finally to carbon dioxide, water, and free chlorine.

35.     As a toxic, long-lived, volatile, chlorinated hydrocarbon and likely carcinogen, PCE and many of its degradation products are closely regulated by the state of California and the federal government.  PCE, TCE, DCE, and vinyl chloride are each a hazardous substance as that term is defined in federal law, 42 U.S.C. § 9601(14), and state law, Cal. Health & Safety Code § 25281(g) and are each a hazardous waste and solid waste as those terms are defined in federal law, 42 U.S.C. § 6903(5), (27), respectively.

36.     All groundwater within the state of California, including the groundwater in, at, and around the Site and all groundwater that has allegedly been adversely impacted by contamination at and emanating from the Site is "water of the state" pursuant to California Water Code § 13050.

37.     Each Defendant caused or contributed to the past or present handling, storage, treatment, transportation, generation, release, or disposal of hazardous substances, hazardous waste, and/or solid waste in the environment in, at, and around the Site, including soil, land, subsurface strata, air, vapor, groundwater, surface water, and the waters of the state of California, because each Defendant released or otherwise discarded hazardous substances, hazardous waste,

and/or solid waste, or controlled and/or operated the Site and business from which hazardous substances, hazardous waste, and/or solid waste were released or otherwise discarded, and failed to prevent or abate the hazardous substances, hazardous waste, and/or solid waste contamination.

38.     At various times from the 1940s to the present Defendants intentionally, negligently, suddenly, and accidentally caused or contributed to the presence of hazardous substances, hazardous waste, and/or solid waste in the environment, including soil, land, subsurface strata, air, vapor, groundwater, surface water, and the waters of the state of California, at the Site. Once released into the environment, these hazardous substances, hazardous waste, and/or solid wastes have continued to spread and migrate within the environment at the Site, but Defendants failed to abate this contamination.

39.     Defendants operated the dry cleaning business at the time PCE was spilled at the Property as a result of equipment malfunctions.

40.     Defendants operated the dry cleaning business at the time PCE was spilled at the Property as a result of a boil over of the cooker.

41.     Defendants operated the dry cleaning business at the time PCE was spilled at the Property as a result of a worn gasket.

42.     Defendants operated the dry cleaning business at the time PCE was spilled at the Property during the delivery of PCE.

43.     Defendants operated the dry cleaning business at the time PCE was spilled at the Property when spent filter materials were placed in the trash or dumpster or other unmarked containers.

44.     Defendants operated the dry cleaning business at the time PCE was spilled at the Property when separator water contaminated with PCE was emptied into the sewer system, down a train, or down a toilet.

45.     Defendants operated the dry cleaning business at the time PCE was spilled at the Property when separator water contaminated with PCE was emptied outside the back door onto the ground.

46.     Defendants operated the dry cleaning business at the time PCE was spilled at the



1    Property when dry cleaning equipment was dismantled and removed from the Property.

2        47.    Defendants operated the dry cleaning business at the Property without a hazardous

3    materials storage or generator permit, as required by applicable federal, state, or local laws.

4        48.    Defendants operated the dry cleaning business at the Property without manifesting

5    and tracking solid and hazardous wastes, as required by applicable federal, state, or local laws.

6        49.    Defendants operated the dry cleaning business at the Property without a hazardous

7    materials business plan or proper hazardous materials training, as required by applicable federal,

8    state, or local laws.

9        50.    As a result of Defendant's releases of hazardous substances, hazardous waste,

10    and/or solid waste at the Site, Plaintiffs have incurred and will continue to incur response costs in

11    order to investigate and remediate the contamination.

12                                **FIRST CAUSE OF ACTION**
                            **(Cost Recovery – CERCLA § 107(a))**
13                                **(Against All Defendants)**

14        51.    Plaintiffs reallege and incorporate by reference the allegations set forth above in

15    paragraphs 1 through 50, inclusive, as though set forth in full herein.

16        52.    Defendants used, processed, produced, stored, treated, and/or generated hazardous

17    substances in the course of their dry cleaning operation at the Property.

18        53.    Defendants caused or contributed to the spilling, leaking, disposal, and release of

19    hazardous substances in the course of their dry cleaning operations at the Property thereby

20    creating a condition of hazardous substance contamination at the Site.

21        54.    As a result of the condition of hazardous substance contamination at the Site,

22    Plaintiffs undertook various response actions and have incurred various response costs in

23    connection with the hazardous substances at the Site.

24        55.    Defendants transported or arranged for transport of hazardous substances which

25    they owned or possessed to the Property, and stored, treated, and disposed of hazardous

26    substances at the Property, and otherwise owned, handled, operated the Property during the time

27    that hazardous substances were disposed of at the Site.   Defendants are thereby jointly and

28    severally liable under section 107(a) of CERCLA § 107(a), 42 U.S.C. § 9607(a).



56.     The Site is a "facility," as that term is defined in CERCLA § 101(9), 42 U.S.C. § 9601(9).

57.     A "release" or threatened release of a "hazardous substance," as those terms are defined in CERCLA §§ 101(22), (14), 42 U.S.C. §§ 9601(22), (14), has occurred at the Site.

58.     Plaintiffs did not cause or contribute to the environmental contamination at the Site and deny that they are liable for costs incurred as the result of the alleged release or threatened release of hazardous substances at the Site.  However, in the interest of an expeditious cleanup and acting in good faith, Plaintiffs have incurred and continue to incur response costs to investigate, remove, and remediate the environmental contamination at the Site consistent with the National Contingency Plan.

59.     Defendants are strictly liable to Plaintiffs for the costs referred to above and for interest on those costs pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor for the following:

1.     For damages from Defendants to compensate Plaintiffs for the costs they have incurred and will incur in response, removal, or remedial efforts, the exact amount of which will be ascertained according to proof;

2.     For compensatory and consequential damages in excess of $3 million;

3.     For all costs of suit herein;

4.     For such other and further relief as this Court deems just and proper.

DATED: April 10, 2015                      PALADIN LAW GROUP® LLP

By: _Bret Stone_

Bret A. Stone
Counsel for Plaintiffs



-8-