UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. RENZEL TRUST, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>ALFREDO TORRES, et al.,<br><br>　　　　　　Defendants. | Case No. 15-cv-01648-HSG<br><br>**ORDER GRANTING MOTION TO WITHRAW AS COUNSEL**<br><br>Re: Dkt. No. 146 |

  Defendant Gary Tran has been represented in this litigation by Jonathan Do, Esq., of Fusion Law, APC. On October 27, 2016, Mr. Do filed a notice of substitution of attorney, Dkt. No. 135, which made clear that he sought to no longer represent his client, Defendant Gary Tran. Pursuant to the Court's order, Dkt. No. 145, Mr. Do filed a motion to withdraw as counsel for Mr. Tran, Dkt. No. 146. On December 1, 2016, the Court held an *in camera* hearing on the motion. Based on the applicable legal authority and the representations made at the hearing, the Court **GRANTS** the motion as ordered during the *in camera* hearing.

**I. LEGAL STANDARD**

  Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Withdrawal is governed by the California Rules of Professional Conduct. *See j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009)). Under these rules, an attorney may only request permission to withdraw on a limited number of grounds, of which two are relevant here. *See* CA ST RPC Rule 3-700(C). First, a request for withdrawal is permitted where "[t]he client knowingly and freely assents to termination of employment." *Id.*, Rule 3-700(C)(5). In addition, a request for withdrawal is permitted where the attorney "believes in good faith . . . that the tribunal will

find the existence of other good cause for withdrawal." *Id.*, Rule 3-700(C)(6). The decision to grant or deny a motion to withdraw is within the Court's discretion. *Gong v. City of Alameda*, No. C 03–05495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008).

## II. ANALYSIS

Here, Mr. Do has complied with Local Civil Rule 11-5(a). The filing of his motion to withdraw provided sufficient notice to the other parties in the case. *See* Dkt. No. 146. The filing includes a "Notice to Client Who Will Be Unrepresented," which is signed by both Mr. Do and Mr. Tran, and clearly communicates that granting the motion will permit Mr. Do to withdraw and result in Mr. Tran proceeding *pro se*. *See id.* at 3.

Moreover, the Court finds that the filing of this motion was permitted by the California Rules of Professional Conduct. First, the motion and accompanying declaration, *see id.* at 1 and 4, as well as the statements of Mr. Tran and Mr. Do at the *in camera* hearing, establish that Mr. Tran has "knowingly and freely assent[ed]" to Mr. Do's termination of employment. *See* CA RPC Rule 3-700(C)(5). In addition, based upon the representations made in the *in camera* proceeding, the Court finds that Mr. Do filed the motion with a good faith belief that there is good cause for withdrawal. *See id.*, Rule 3-700(C)(6).

Accordingly, the Court finds in its discretion that Mr. Do's withdrawal as counsel is warranted. *See Gong*, 2008 WL 160964, at *1.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to withdraw as counsel, Dkt. No. 146, and **DENIES AS MOOT** the motion to substitute. The Court **ORDERS** Mr. Do to comply with all legal and professional obligations relating to the termination of his employment, including Rule 3-700(D) of the California Rules of Professional Conduct.

**IT IS SO ORDERED.**

Dated: 12/1/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

2