UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. RENZEL TRUST, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>ALFREDO TORRES, et al.,<br><br>   Defendants. | Case No. 15-cv-01648-HSG<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>Re: Dkt. No. 152 |

Thu Nguyen ("Client Nguyen") and Ngoc T.B. Tran ("Client Tran") are defendants, counterclaimants, cross-complainants, and cross-defendants in this action. Dkt. No. 152. They have been represented by attorneys Ann A. Nguyen ("Attorney Nguyen") and Joshua J. Borgor ("Attorney Borgor") of the law firm Robinson & Wood, Inc. ("Firm"). *Id.* On December 6, 2016, Attorney Borgor gave written notice to all parties, including Clients Nguyen and Tran, of the Firm's intention to withdraw as counsel. *Id*. at 3. On December 7, 2016, the Firm filed the motion to withdraw, including Attorney Borgor's declaration. *Id*. Attorney Borgor subsequently ceased working for the Firm. *See* Dkt. No. 158 at 1. On February 16, 2017, the Court held a hearing on the motion. Clients Nguyen and Tran failed to appear as ordered by the Court, *see* Dkt. Nos. 153, 159, but Attorney Nguyen appeared by phone. Attorney Nguyen has represented to the Court both in writing, *see* Dkt. No. 158, and during the hearing, that Clients Nguyen and Tran do not oppose the motion to withdraw. Based upon the applicable legal authority, Attorney Borgor's declaration, and Attorney Nguyen's statements during the hearing, the Court **GRANTS** the motion to withdraw.

**I.   LEGAL STANDARD**

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all

other parties who have appeared in the case." Withdrawal is governed by the California Rules of Professional Conduct. *See j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009)). Under these rules, an attorney may only request permission to withdraw on a limited number of grounds, of which two are relevant here. *See* CA ST RPC Rule 3-700(C). First, a request for withdrawal is permitted where "[t]he client knowingly and freely assents to termination of employment." *Id.*, Rule 3-700(C)(5). In addition, a request for withdrawal is permitted where the attorney "believes in good faith . . . that the tribunal will find the existence of other good cause for withdrawal." *Id.*, Rule 3-700(C)(6). The decision to grant or deny a motion to withdraw is within the Court's discretion. *Gong v. City of Alameda*, No. C 03–05495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008).

## II.   DISCUSSION

Local Civil Rule 11-5(a) was satisfied because all parties, including Clients Nguyen and Tran, received reasonable advance notice of the Firm's intention to withdraw. *See* Dkt. No. 152. The filing of the motion was also permitted by the California Rules of Professional Conduct. Attorney Nguyen's statements in writing, *see* Dkt. No. 157, and during the hearing, establish that Clients Nguyen and Tran have "knowingly and freely assent[ed]" to the termination of employment. *See* CA RPC Rule 3-700(C)(5). Moreover, Attorney Nguyen's representations during the proceeding demonstrated that the motion was filed with a good faith belief in the existence of good cause for withdrawal. *See id.*, Rule 3-700(C)(6). Accordingly, the Court finds in its discretion that the Firm's withdrawal is warranted. *See Gong*, 2008 WL 160964, at *1.

## III.   CONCLUSION

The Court **GRANTS** the motion to withdraw. The Court **ORDERS** Attorney Nguyen to comply with all legal and professional obligations relating to the termination of the Firm's employment, including California Rule of Professional Conduct 3-700(D).

**IT IS SO ORDERED.**

Dated: 2/17/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge