UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. RENZEL TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALFREDO TORRES, et al.,<br><br>Defendants. | Case No. 15-cv-01648-HSG<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR HYANG BAE WHANG, SEON GEUN WHANG, AND KYU CHUK WHANG**<br><br>Re: Dkt. No. 164 |

Hyang Bae Whang, Seon Geun Whang, and Kyu Chuk Whang ("Whangs") have been represented in this action by Kathleen N. Strickland ("Attorney Strickland"), Stephan Choo ("Attorney Choo"), Devin C. Courteau ("Attorney Courteau"), and the law firm Ropers, Majeski, Kohn, & Bentley, PC ("Ropers Firm"). Dkt. Nos. 34, 164. On April 21, 2017, Attorney Strickland, Attorney Choo, and the Ropers Firm filed a motion to withdraw as counsel for the Whangs. Dkt. No. 164. The motion is unopposed. At the *in camera* hearing held on June 22, 2017, Seon Geun Whang appeared on behalf of the Whangs and Attorney Choo appeared for Attorney Strickland and the Ropers Firm. Attorney Choo informed the Court that Attorney Courteau left the Ropers Firm and so no longer represents the Whangs. Seon Geun Whang confirmed that the Whangs consented to withdrawal and understood the challenges and responsibilities of proceeding without counsel. Based on the relevant legal authority, the papers, and the representations made at the hearing, the Court **GRANTS** the motion to withdraw.

## I. LEGAL STANDARD

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Withdrawal is governed by the California Rules of Professional Conduct. *j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 WL

464768, at *1 (N.D. Cal. Feb. 24, 2009)). Under Rule 3-700(C), an attorney may only request permission to withdraw on certain grounds, of which two are relevant here. *See* CA ST RPC Rule 3-700(C). First, a request for withdrawal is permitted where "[t]he client knowingly and freely assents to termination of employment." *Id.*, Rule 3-700(C)(5). In addition, a request for withdrawal is permitted where the attorney "believes in good faith . . . that the tribunal will find the existence of other good cause for withdrawal." *Id.*, Rule 3-700(C)(6). The decision to grant or deny a motion to withdraw is within the Court's discretion. *Gong v. City of Alameda*, No. C 03-05495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008).

## II. DISCUSSION

Local Civil Rule 11-5(a) is satisfied because the filing of the motion over two months ago gave all parties reasonable advance notice of withdrawal. *See* Dkt. No. 164. The Whangs appear to have had even more advance notice, given that the mutual agreement to terminate the representation was discussed by Attorney Choo and Seon Geun Whang at least as early as January 18, 2017. *See id.* at 6. The filing of the motion was also permitted by the California Rules of Professional Conduct. Attorney Choo's declaration and Seon Geun Whang's statements at the hearing established that the Whangs "knowingly and freely assent[ed] to termination of employment." *See id.*; CA ST RPC 3-700(C). Moreover, Attorney Choo's representations at the hearing demonstrated that the motion was filed with a good faith belief in the existence of good cause for withdrawal. *See id.*, Rule 3-700(C)(6). After careful consideration, the Court finds in its discretion that withdrawal is warranted. *See Gong*, 2008 WL 160964, at *1.

## III. CONCLUSION

The Court **GRANTS** the motion to withdraw. Attorney Choo, Attorney Stickland, and the Ropers Firm must comply with all legal and professional obligations relating to the termination of employment, including California Rule of Professional Conduct 3-700(D).

**IT IS SO ORDERED.**

Dated: 6/23/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

2