UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. RENZEL TRUST, et al.,<br>Plaintiffs,<br>v.<br>ALFREDO TORRES, et al.,<br>Defendants. | Case No. 15-cv-01648-HSG<br>**ORDER TO SHOW CAUSE** |

On November 14, 2018, counsel for Plaintiffs and Counter-Defendants Estate of Robert Renzel, Deceased, by and through his successors in interest, Susan Carter and Ann Renzel Sebastian; Robert E. Renzel Trust, by and through its trustees, Susan Carter and Ann Renzel Sebastian; Susan Carter; Ann Renzel Sebastian; and Bascom Avenue Development LLC, a California limited liability company (collectively, "Renzel"), and Defendants, Counter-Claimants, and Cross-Claimants Carmen Torres and Alfredo Torres ("Torres") (collectively, the "Settling Parties"), filed a joint notice, apprising the Court that the Settling Parties "reached an agreement that will result in the dismissal of all claims between the Settling Parties." *See* Dkt. No. 281, at 1–2. The settlement does not include pro se parties, namely Hyang Bae Whang, Seon Geun Whang, and Kyu Chuk Whang (collectively, "Whang"), Uktae Han and Mija Han (collectively, "Han"), Thu Huynh and Ngoc T.B. Tran (collectively, "Huynh"), and Gary Tran. *Id.*

According to the joint notice, the agreement "will result in the dismissal of all claims with the exception of those filed by [pro se parties] Whang and Huynh, who also have pending counterclaims and cross-claims." *Id.* The joint notice adds, however, that the pro se parties "have not participated in any pretrial exchanges or communications." *Id.* Most importantly, pro se parties Whang and Huynh have not complied with the mandatory pretrial exchanges as required by

the Federal Rules of Civil Procedure and this Court's standing orders.

As the Supreme Court has explained, "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs[.]" *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). The Court assumes that under the circumstances the pro se parties do not wish to proceed given the settlement, but needs to confirm as much.

Accordingly, Defendants Hyang Bae Whang, Seon Geun Whang, Kyu Chuk Whang, Thu Huynh, and Ngoc T.B. Tran are ordered **TO SHOW CAUSE** as to why their counterclaims and cross-claims, *see* Dkt. No. 71, 80, should not be dismissed for failure to prosecute. In the alternative, these parties can confirm that they wish to dismiss the counterclaims and cross-claims. The Court **SETS** a hearing on the Order to Show Cause for November 29, 2018 at 2:00 p.m. These Defendants, appearing either through new counsel or pro se, must appear at the hearing. In the alternative, before November 29, 2018, each party may file a request for voluntary dismissal of the counterclaims and cross-claims, in which case the hearing will be vacated.

**IT IS SO ORDERED.**

Dated: 11/19/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge