Bret A. Stone    SBN 190161  BStone@PaladinLaw.com
Kirk M. Tracy   SBN 288508  KTracy@PaladinLaw.com
PALADIN LAW GROUP® LLP
1176 Boulevard Way
Walnut Creek, CA  94595
Telephone:   (925) 947-5700
Facsimile:   (925) 935-8488

Counsel for Estate of Robert Renzel, Deceased, by and through his successors in interest, Susan Carter and Ann Renzel Sebastian; Robert E. Renzel Trust, by and through its trustees, Susan Carter and Ann Renzel Sebastian; Susan Carter; Ann Renzel Sebastian; and Bascom Avenue Development LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ESTATE OF ROBERT RENZEL, DECEASED *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ESTATE OF LUPE VENTURA, DECEASED, *et al.*,<br><br>*Defendants*.<br><br>AND RELATED COUNTERCLAIMS AND CROSSCLAIM. | Case No. 4:15-cv-1648-HSG<br><br>[PROPOSED] ORDER ON JOINT APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND ESTABLISHMENT OF THE BASCOM REMEDIATION TRUST<br><br>Cal. Code Civ. Proc. § 877.6(a)(2)<br>26 U.S.C. § 468B<br>26 C.F.R. 1.468B-1 |

The Joint Application of Plaintiffs and Counter-Defendants Estate of Robert Renzel, Deceased, by and through his successors in interest, Susan Carter and Ann Renzel Sebastian; Robert E. Renzel Trust, by and through its trustees, Susan Carter and Ann Renzel Sebastian; Susan Carter; Ann Renzel Sebastian; and Bascom Avenue Development LLC, a California limited liability company (collectively, "Renzel"), and Defendants, Counter-Claimants, and Cross-Claimants Carmen Torres and Alfredo Torres (collectively, "Torres") (Renzel and Torres are collectively referred to as the "Settling Parties"), and related papers were submitted to the Court on June 18,



2019.

The Court, after considering the Joint Application and related papers, hereby finds:

1. The settlement agreement that is the subject of the Joint Application (the "Agreement") satisfies the requirements of Code of Civil Procedure ("C.C.P.") section 877.6 and of *Tech-Bilt Inc. v. Woodward Clyde & Associates* (1985) 39 Cal. 3d 488 and its progeny;

2. The Settling Parties are, concerning the facts and circumstances giving rise to this lawsuit and concerning the lawsuit itself, therefore entitled to the protections of C.C.P. section 877.6 barring any other joint tortfeasor or co-obligor from any further claims against them for equitable comparative contribution, or partial or comparative indemnity, based upon comparative negligence or comparative fault; and

3. The Settling Parties are, therefore, by this Order granted such protection to the fullest extent authorized by C.C.P. section 877.6 as interpreted by *Tech-Bilt* and its progeny.

Further, the Court finds that the Bascom Remediation Trust should be, and hereby is, established as a "Qualified Settlement Fund" or "Designated Settlement Fund" pursuant to section 468B of the Internal Revenue Code, 26 U.S.C. § 468B, and Treasury Regulation Section 1.468B-1 (26 C.F.R. 1.468B-1), and in accordance with the terms and conditions of the Declaration of Trust for the Bascom Remediation Trust, attached hereto as Exhibit A and incorporated by reference as though fully set forth herein. The Court shall retain jurisdiction over the Bascom Remediation Trust until Site Closure is obtained or until the Trust Funds are exhausted.

IT IS SO ORDERED

Dated: 7/17/2019

*Haywood S. Gilliam Jr.*
UNITED STATES DISTRICT COURT JUDGE



# EXHIBIT A

# DECLARATION OF TRUST FOR
# THE BASCOM REMEDIATION TRUST

This Declaration of Trust for the **Bascom Remediation Trust** is entered into by **Renzel** as a result of a settlement in the **Action**. The **Bascom Remediation Trust** is established by **Court Order** consistent with 26 C.F.R. § 1-468B.

1     Definitions

Words used in this Trust Declaration are to be taken and understood in their normal and ordinary sense, unless this Trust Declaration indicates that a different meaning is intended. Whenever the following terms, appearing in bold, are used in this Trust Declaration, the meanings of this section apply.

1.1     "**Action**" means the lawsuit pending in the United States District Court, Northern District of California, entitled *Estate of Robert Renzel, Deceased, et al. v. Estate of Lupe Ventura, et al.*, Case No. 4:15-cv-1648-HSG, including all counterclaims and cross-claims.

1.2     "**Business Day**" means a day on which commercial banks are not authorized or required to close in San Jose, California.

1.3     "**Court**" means the United States District Court, Northern District of California in the **Action**.

1.4     "**Court Order**" means the order of the United States District Court, Northern District of California which approves the creation of the **Trust**.

1.5     "**Effective Date**" means the entry of the **Court Order** creating the **Trust**.

1.6     "**Renzel**" means plaintiffs and counter-defendants Estate of Robert Renzel, Deceased, by and through his successors in interest, Susan Carter and Ann Renzel Sebastian; Robert E. Renzel Trust, by and through its trustees, Susan Carter and Ann Renzel Sebastian; Susan Carter; Ann Renzel Sebastian; and Bascom Avenue Development LLC, or their assignee.

1.7     "**Bascom Remediation Trust**" or "**Trust**" means the entity to be created pursuant to this **Trust Declaration** upon entry of the **Court Order**.

1.8     "**Property**" means the real property located at 526 S. Bascom Avenue, San Jose, California.

1.9     "**Torres**" means Carmen and Alfredo Torres.

1.10     "**Settling Parties**" refers to **Renzel** and **Torres**.

1.11     "**Settling Party**" means one of the **Settling Parties**.

1.12 "**Site**" means the Property and areas to which the PCE contamination has migrated outside the boundaries of the **Property**.

1.13 "**Site Closure**" means:

1.13.1.1 Certification by the **Trustee** that all required remedial actions have been completed for the **Site**; and

1.13.1.2 Confirmation by the **Court** of the **Trustee's** certification that all required remedial actions have been completed; or

1.13.1.3 Issuance of a writing by the regulatory agency with jurisdiction over the remedial efforts that no further remedial action is required at the **Site**.

1.14 "**Transferor**" mean a person or entity who qualifies as a "transferor" under 26 C.F.R. Section 1-468B.

1.15 "**Trust**" means the **Bascom Remediation Trust**. The purpose of the **Trust** is to collect and disburse amounts for environmental remediation (as defined in 26 C.F.R. Section 301.7701- 4(e)(1)) of the **Site**, which is an existing waste site, to resolve, satisfy, mitigate, address, or prevent the liability or potential liability of persons imposed by federal, state, or local environmental laws.

1.16 "**Trust Declaration**" means this Declaration of Trust for the **Bascom Remediation Trust**.

1.17 "**Trustee**" means Bret A. Stone, or any successor trustee.

2 Recitals

2.1 WHEREAS, the **Trust** will be established by **Court Order** approving this **Trust Declaration**.

2.2 WHEREAS, **Renzel** wishes to retain the **Trustee**, and the **Trustee** wishes to be retained as trustee of the **Trust** in accordance with the terms of this **Trust Declaration**;

2.3 WHEREAS, **Renzel** intends that the **Trust** constitutes a trust organized under California law, particularly California Probate Code Section 15200;

2.4 WHEREAS, the **Trust** is being established to resolve or satisfy one or more contested or uncontested claims that have resulted or may result from an event (or related series of events) that has occurred and that has given rise to at least one claim asserting liability for environmental damages or arising out of a tort, breach of contract, or violation of law;

2.5 WHEREAS, the **Settling Parties** have actual or potential liability or a reasonable

expectation of liability under federal, state or local laws for environmental remediation of the **Site**;

2.6    WHEREAS, funds and assets deposited in the **Trust** will be for the purpose of implementing investigative and remedial actions at the **Site**;

2.7    WHEREFORE, in order to effectuate the purposes of this **Trust Declaration** and to comply with the requirements of the United States of America and the State of California regarding qualified settlement funds and trusts, **Renzel** and **Trustee** enter into this **Trust Declaration**.

3    <u>Terms of this Trust Declaration</u>

3.1    <u>Parties Bound</u>. This **Trust Declaration** shall apply to and be binding upon the **Trustee** and **Renzel**, and shall inure to the benefit of **Renzel**, including, all its successors and assigns. The undersigned representative of **Renzel** certifies that she is fully authorized by **Renzel** to enter into the terms and conditions of this **Trust Declaration**, to execute this **Trust Declaration**, and to legally bind **Renzel**.

3.2    <u>Name of the Trust</u>. The name of the **Trust** shall be the **Bascom Remediation Trust**.

3.3    <u>Purposes of the Trust</u>. The purposes of the **Trust** are as follows:

3.3.1    To collect and disburse amounts for investigation or remediation of the **Site** paid on or behalf of the **Settling Parties**, or any other **Transferor**, to resolve or satisfy one or more contested or uncontested claims that have resulted or may result from an event (or related series of events) that has occurred and that has given rise to at least one claim asserting liability for environmental damages or arising out of a tort, breach of contract, or violation of law;

3.3.2    To comply fully with the requirements of this **Trust Declaration** and all applicable provisions of California law, including, but not limited to California Probate Code Sections 15000 *et seq.* and 16000 *et seq.*; and

3.3.3    To make, sign, execute, acknowledge and deliver any and all contracts or agreements in furtherance of the purposes of this **Trust Declaration**, including, but not limited to:

3.3.3.1    Contracts for professional services;

3.3.3.2    Contracts for the investigation or remediation of the **Site**; and

3.3.3.3    Contracts to pursue enforcement of assigned claims and assigned proceeds held by the **Trust**.

3.4    <u>Corpus of the Trust</u>. Concurrently with the execution of this **Trust Declaration**, **Renzel**

shall take steps to ensure that the transfer to the **Trustee** of the assets listed in Appendix 1 to this **Trust Declaration** occurs, so that these amounts are held and administered as provided in this **Trust Declaration**.

3.5 Disbursement of Funds. During the term of this **Trust Declaration**, the **Trustee** shall make disbursements, distributions, transfers or rebates from the **Trust** consistent with the purposes of this **Trust Declaration**. The **Trustee** shall make such payments solely from funds on deposit in the **Trust** and shall have no obligation to make any payments if sufficient funds are not available in the **Trust**.

3.6 Tax Matters.

3.6.1 It is the intention of **Renzel** that the **Trust** be treated as a qualified settlement fund pursuant to 26 Code of Federal Regulations ("C.F.R.") Section 1.468B-1 *et seq*.

3.6.2 For federal and state tax purposes, any earnings, losses, fees, and expenses of the **Trust** are to be reported for tax purposes as attributable to the **Trust**.

3.6.3 The **Trustee** shall file the applicable federal and state tax forms on the earnings and expenses of the **Trust**.

3.6.4 The **Trustee** and **Renzel** shall jointly elect to apply the applicable Treasury Regulations, including 26 C.F.R. Sections 1.468B-1 through 1.468B-5, to the **Trust**. Accordingly, in addition to those other requirements relating thereto, the **Trustee** shall elect to apply settlement fund rules, if appropriate, under 26 C.F.R. Section 1.468B-5(b)(2), by the filing of a "Section 1.468-5(b)(2) Election."

3.6.5 The **Trustee** shall be deemed to be the "administrator" within the meaning of 26 C.F.R. Section 1.468B-2(k)(3).

3.6.6 It is further intended that transfers to the **Trust** by a **Transferor** will satisfy the "all events test" and the "economic performance" requirement, and that no transfer of funds by a **Settling Party** or **Transferor** shall be taxable on the gross income of the **Trust**.

3.6.7 The **Trust** shall be subject to tax payable on the modified gross income of the **Trust** which will not include the sums transferred to it from any **Transferor**. In computing the **Trust's** modified gross income, deductions will be allowed for, *inter alia*, administrative costs and other incidental deductible expenses incurred in connection with the operation of the **Trust**, including without limitation, state and local taxes relating to the operation of the **Trust**.

3.6.8 Upon the establishment of the **Trust** and in accordance with 26 C.F.R. Section 1.468B-2(k)(4), the Trustee shall apply for an Employer Identification Number for the **Trust** pursuant to Internal Revenue Service Form SS-4.

3.6.9 In accordance with the provisions of 26 C.F.R. Section 1.468B-2(k)(1), the **Trustee** shall

cause to be filed, on behalf of the **Trust**, all required federal, state, and local tax returns, and may retain an independent, certified public accountant to consultant with and advise the **Trustee** with respect to the preparation of such returns.

3.6.10 Each **Transferor** shall supply to the **Trustee** and to the Internal Revenue Service the statement described in 26 C.F.R. Section 1.468B-3(e)(2), no later than February 15 of the year following each calendar year in which such **Transferor** (or some other person on behalf of such **Transferor**) makes a transfer to the **Trust**.

3.6.11 In accordance with 26 C.F.R. Section 1.468B-2(j), the taxable year of the **Trust** shall be the calendar year and the **Trust** shall use an accrual method of accounting within the meaning of Section 446(c) of the Internal Revenue Code, 26 U.S.C. Section 446(c).

3.6.12 Anything contained in this **Trust Declaration** notwithstanding, the **Trustee** may take all such actions deemed necessary to comply with the applicable laws in order to assure that the **Trust** is treated as a "Qualified" settlement fund under Section 468B of the Internal Revenue Code, 26 U.S.C. Section 468B, and the regulations promulgated thereunder and codified at 26 C.F.R. Section 1.468B-1, including such actions as may be inconsistent with those expressly set forth in this **Trust Declaration**.

3.6.13 The **Trustee** may amend either in whole or in part, any administrative provision of this **Trust Declaration** which causes unanticipated tax consequences or liabilities inconsistent with the foregoing, or conform the administrative provisions of this **Trust Declaration** to the requirements of the taxing authorities. The **Trustee** is, therefore, expressly authorized to enter into any agreements and to execute any documents that will, in the discretion of the **Trustee**, tend to minimize the taxes resulting from the **Trust** or minimize the consequences of noncompliance with the intent of this section.

3.7 <u>No Authority to Conduct Business.</u> The purposes of the **Trust** are limited to those purposes set forth in Section 3.3 of this **Trust Declaration**. This **Trust Declaration** does not confer upon the **Trustee** any authority to conduct business which is not expressly authorized by this **Trust Declaration**.

3.8 <u>Winding Down and Termination of the Trust.</u>

3.8.1 The **Trust** shall terminate when **Site Closure** is achieved or when the trust funds are exhausted, whichever occurs first.

3.8.2 Upon termination of the **Trust**, the **Trustee** shall distribute the remaining assets of the **Trust**, if any, as designated in writing by **Renzel** or its assignee to reimburse the costs of funding, managing, and supervising the **Trust**. Any funds remaining after all such reimbursements are made shall be paid to **Renzel** as designated in writing by **Renzel** or its assignee.

/ / /

3.9 Integration, Alterations, Amendments and Revocation.

3.9.1 This **Trust Declaration** may be altered, amended or revoked only by a subsequent instrument in writing executed by the **Trustee** <u>and</u> **Renzel**.

3.9.2 No such alteration, amendment or revocation may conflict with or modify in any respect the obligations under this **Trust Declaration** or the **Court Order**, unless such agreements are altered or amended in a manner that conforms with the purposes of this **Trust Declaration**; provided, however, that the **Trustee** is not under any obligation to determine if any amendment of this **Trust Declaration** conflicts with the purposes of this **Trust Declaration** and may petition the **Court** for a determination of the issue.

3.10 Designation of Trustee. The **Trust** shall be administered by a **Trustee**. The initial **Trustee** will be Bret A. Stone.

3.11 Authority of the Trustee.

3.11.1 The **Trustee** shall determine whether this **Trust Declaration** has been fully implemented.

3.11.2 Until such time as this **Trust Declaration** has been fully implemented, the **Trustee** shall issue instructions for payments from the **Trust** exclusively to pay for the fees, costs, and expenses of implementing the purposes of this **Trust Declaration**.

3.12 Investment. The **Trustee** shall invest and reinvest the principal and income of the **Trust**, each of which shall be treated as a single fund without distinction between principal and income, in order to protect the corpus of the Trust. Such investments shall take into account the need for sufficient liquidity to meet the anticipated cash needs of the Trust.

3.13 Trustee Statements.

3.13.1 The **Trustee** shall submit to Renzel on or before January 31 of each year an annual activity report with respect to the **Trust** for the prior year. There is no obligation for the **Trustee** to obtain audited annual activity reports.

3.13.2 The **Trustee** shall provide to **Renzel** a final accounting with respect to the **Trust** by the thirtieth **Business Day** after termination of the **Trust**.

3.13.3 Upon demand from **Renzel** at any time, the **Trustee** shall provide an accounting of all activity with respect to the **Trust** since its inception.

3.14 Responsibilities and Reliance of Trustee.

3.14.1 The **Trustee** shall not have any duties or responsibilities except those expressly set forth in this **Trust Declaration** and no implied covenant, functions, responsibilities or duties on the part of the **Trustee** shall be read into this **Trust Declaration** or otherwise exist against

the **Trustee**.

3.14.2 The **Trustee** may (at the expense of the **Trust**) consult with counsel, accountants, or other experts and any opinion of such counsel, accountants, or other experts shall be full authorization and protection in respect of any action taken suffered or omitted by the **Trustee** under this **Trust Declaration** in accordance therewith.

3.14.3 The **Trustee** shall be entitled to rely and shall be protected in acting upon any certificate, notice or other document (including any facsimile or e-mail) believed by it to be genuine and correct and to have been signed by the proper person or persons.

3.15    Trustee Compensation.

3.15.1 The **Trustee** shall be entitled to an annual payment of $2,000 per month due and payable on the first Business Day of each month until the **Trust** is terminated.

3.15.2 The **Trustee** shall have a first priority lien upon and right of set-off against the assets of the **Trust** for fees and expenses not paid in a timely manner.

3.15.3 The **Trustee** shall have no recourse against the **Settling Parties** for payment of fees and expenses.

3.16    Resignation or Removal of Trustee; Successor Trustee.

3.16.1 The **Trustee** may resign at any time by delivering a resignation in writing to **Renzel**. **Renzel** may remove the **Trustee** at any time by delivering notice of such removal in writing to the **Trustee**. Such resignation or removal will take effect upon the earlier of: (1) sixty days after delivery of the notice of resignation or removal; or (2) the acceptance of appointment in writing by a successor **Trustee**.

3.16.2 A successor **Trustee** shall be appointed by **Renzel** upon the resignation or removal of the **Trustee**, with such appointment to be effective immediately following the effective date of the resignation or removal of the prior **Trustee**.

3.16.3 Acceptance of appointment as a successor **Trustee** shall be in writing and shall become effective upon the mailing to **Renzel** and the **Court** of notice of such acceptance. Each successor **Trustee** shall have all of the rights, powers, duties, authority and privileges as if initially named as the **Trustee** under this **Trust Declaration**. Upon the acceptance of appointment of any successor **Trustee**, the previous **Trustee** shall deliver all assets, documentation and other property of the **Trust** in its possession, custody or control to such successor **Trustee**. After selection of a successor **Trustee**, the previous **Trustee** shall reasonably cooperate in meeting any reasonable request for information or other assistance made by the successor **Trustee** to the previous **Trustee** with respect to any matter subject to this **Trust Declaration**.

3.17　Immunity and Indemnification.  Limitation on Liability of Trustee.

3.17.1　In respect of any contract, obligation or liability made or incurred by the **Trustee** in performing his duties hereunder, all persons shall look solely to the **Trust** and not the **Trustee** (except for any liability resulting from the **Trustee's** willful misconduct), nor any of the **Trustee's** directors, officers, employees or authorized representative, personally.

3.17.2　The **Trustee** shall not incur any liability, personal or corporate, of any nature in connection with any act or omission, unless involving its willful misconduct, in the administration of the **Trust** or otherwise pursuant to the **Trust**.

3.17.3　The **Trustee** shall have no personal responsibility with respect to management or performance of any environmental remediation, the payment of any costs of remedial or removal action, damages, penalties, fines, taxes or other expenses related to the compliance by **Renzel** with this **Trust Declaration** or to conduct any duties other than the express duties explicitly set forth in this **Trust Declaration** with respect to the **Trust**.

3.18　Notices under this Trust Declaration.

All notices or other communications relating to this **Trust** shall be given in writing and shall be deemed to have been given if hand delivered, sent and confirmed by facsimile, sent and received by e-mail, or mailed by depositing in United States mail prepaid to the person at the address noted below or such other address as may be designated in writing from time to time; provided that communications to the **Trustee** shall not be effective until receipt:

> To Renzel:　　　　　　　　　　Margaret Ma
> 　　　　　　　　　　　　　　　600 Palm Haven Avenue
> 　　　　　　　　　　　　　　　San Jose, CA  95125
> 　　　　　　　　　　　　　　　(408) 998-1906
> 　　　　　　　　　　　　　　　margaret.ma@att.net
>
> To Trustee:　　　　　　　　　　Bret A. Stone, Esq.
> 　　　　　　　　　　　　　　　Paladin Law Group® LLP
> 　　　　　　　　　　　　　　　220 W. Gutierrez Street
> 　　　　　　　　　　　　　　　Santa Barbara, CA  93101
> 　　　　　　　　　　　　　　　(805) 898-9700
> 　　　　　　　　　　　　　　　BStone@PaladinLaw.com
>
> To Torres:　　　　　　　　　　Jeffery L. Caufield
> 　　　　　　　　　　　　　　　CAUFIELD & JAMES, LLP
> 　　　　　　　　　　　　　　　2851 Camino Del Rio South, Suite 410
> 　　　　　　　　　　　　　　　San Diego, California 92108
> 　　　　　　　　　　　　　　　(619) 325-0441
> 　　　　　　　　　　　　　　　jeff@caufieldjames.com

3.19    Interest Not Assignable or Subject to Claims of Creditors.  No **Settling Party** shall be deemed to have any interest in the **Trust** that may be subject to anticipation or assignment or subject to the claims of any creditor of any **Settling Party**.

3.20    Successors and Assigns.  This **Trust Declaration** shall inure to the benefit of, and be binding upon the **Trust** and **Renzel**.

3.21    Choice of Law.  This **Trust Declaration** shall be administered, construed and enforced in accordance with and governed by the laws of the State of California. The venue for any dispute concerning this **Trust Declaration** shall be in the **Court** pursuant to the **Court Order**.

3.22    Rights and Obligations of Settling Parties.  Except for a **Settling Party's** obligations and undertakings as set forth in Section 3.4 of this **Trust Declaration**, a **Settling Party** shall have absolutely no obligations to take any action with respect to the **Trust**, nor shall a **Settling Party** have any rights with respect thereto, except as may be expressly set forth in this **Trust Declaration**.

3.23    Interpretation.

3.23.1    As used in this **Trust Declaration**, words in the singular include the plural and words in the plural include the singular, and the masculine and neuter genders shall be deemed to include the masculine, feminine and neuter.

3.23.2    The descriptive heading for each Section and Subsection of this **Trust Declaration** shall not affect the interpretation or the legal efficacy of this **Trust Declaration**.

3.23.3    It is agreed that neither the act of entering into this **Trust Declaration** nor any contribution to the **Trust** nor any action taken under this **Trust Declaration** shall be deemed to constitute an admission of any liability or fault on the part of the **Settling Parties**, nor does it constitute a commitment or agreement, either expressed or implied, by any or all of them to undertake any further activities with respect to the **Site**.

3.24    Third Parties.  Except as expressly provided in this **Trust Declaration** or the **Court Order**, nothing contained in this **Trust Declaration** shall be construed to create any rights in any person or entity not a party to this **Trust Declaration**.

3.25    Severalty of Provisions.  If any provision of this **Trust Declaration** or its application to any person or entity or in any circumstance shall be invalid or unenforceable, the application of such provision to persons or entities an in circumstances other than those as to which it is invalid or unenforceable, and the other provisions of this **Trust Declaration**, shall not be affected by such invalidity or unenforceability.

3.26    Entire Agreement.  This **Trust Declaration** contains the entire agreement and its terms are contractual, not a mere recital.

3.27 <u>Modifications to this Agreement</u>. This **Trust Declaration** may be modified only by the **Trustee** with the consent of **Renzel**, after providing notice to the **Court** of the modification.


EACH OF THE UNDERSIGNED PARTIES HAS READ AND UNDERSTANDS THE FOREGOING DOCUMENT IN ITS ENTIRETY AND AGREE TO ITS TERMS.

DATED: June 3, 2019      By: _____, **Renzel**

APPENDIX 1

Settlement funds from Renzel in the amount of $460,000
Settlement funds from Torres in the amount of $320,000